JS-6

MOLLY WHITE, Cal. Bar No. 171448
E-mail: whitem@sec.gov
MARSHALL S. SPRUNG, Cal. Bar No. 188253
E-mail: sprungm@sec.gov
JUNLING MA, Cal. Bar No. 213241
E-mail: maj@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Acting Regional Director
Michele Wein Layne, Associate Regional Director
Andrew G. Petillon, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036-3648
Telephone:  (323) 965-3998
Facsimile:   (323) 965-3908

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>BROADCOM CORPORATION,<br><br>Defendant. | Case No. SACV 08-0430 JVS(RNBx)<br><br>**FINAL JUDGMENT OF PERMANET INJUNCTION AND OTHER RELIEF AGAINST BROADCOM CORPORATION** |

The Securities and Exchange Commission (the "Commission") having filed a Complaint ("Complaint") and Defendant Broadcom Corporation ("Broadcom") having entered a general appearance; consented to the Court's jurisdiction over Broadcom and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction), in the Consent of Defendant Broadcom Corporation to Entry of Final Judgment of Permanent Injunction and Other Relief Against Broadcom Corporation ("Consent"); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Broadcom and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a), by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**II.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Broadcom and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

1  (b) to make any untrue statement of a material fact or to omit to state a
2  material fact necessary in order to make the statements made, in light
3  of the circumstances under which they were made, not misleading; or
4  (c) to engage in any act, practice, or course of business which operates or
5  would operate as a fraud or deceit upon any person.

### III.

7  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that
8  Broadcom and its agents, servants, employees, attorneys, and all persons in active
9  concert or participation with them who receive actual notice of this Final Judgment
10 by personal service or otherwise are permanently restrained and enjoined from,
11 directly or indirectly, filing, or causing to be filed annual reports with the
12 Commission on Forms 10-K, quarterly reports with the Commission on Forms 10-
13 Q, and reports of material events and press releases on Forms 8-K that fail to
14 contain material information necessary to make the required statements in the
15 Forms 10-K, 10-Q, or 8-K, in light of the circumstances under which they are
16 made, not misleading, in violation of Section 13(a) of the Exchange Act, 15 U.S.C.
17 § 78m(a), and Rules 12b-20, 13a-1, 13a-11 and 13a-13 thereunder, 17 C.F.R.
18 §§ 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13.

### IV.

20 IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that
21 Broadcom and its agents, servants, employees, attorneys, and all persons in active
22 concert or participation with them who receive actual notice of this Final Judgment
23 by personal service or otherwise are permanently restrained and enjoined from
24 directly or indirectly failing to make and keep accurate books, records, and
25 accounts which, in reasonable detail, accurately and fairly reflect financial
26 transactions and disposition of assets in violation of Section 13(b)(2)(A) of the
27 Exchange Act, 15 U.S.C. § 78m(b)(2)(A).

**V.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Broadcom and its agents, servants, employees and attorneys, and all persons in active concert or participation with them, who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that financial statements are prepared in conformity with Generally Accepted Accounting Principles in violation of Section 13(b)(2)(B) of the Exchange Act, 15 U.S.C. §78m(b)(2)(B).

**VI.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Broadcom and its agents, servants, employees and attorneys, and all persons in active concert or participation with them, who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly soliciting, by the use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, and by means of a proxy statement, form of proxy, notice of meeting or other communication, written or oral, containing statements which, at the time and in light of the circumstances under which they were made, were false and misleading with respect to material facts, or omitted to state material facts necessary in order to make the statements therein not false or misleading or necessary to correct statements in earlier communications with respect to the solicitation of the proxy for the same meeting or subject matter which was false or misleading, in violation of Section 14(a) of the Exchange Act, 15 U.S.C. § 78n(a), and Rule 14a-9 thereunder, 17 C.F.R. § 240.14a-9.

**VII.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendant Broadcom shall pay a civil penalty in the amount of $12 million pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).  Broadcom shall make this payment within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission.  The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Broadcom as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.  Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

**VIII.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Broadcom shall comply with all of the agreements set forth therein.

**IX.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: April 29, 2008

_____
UNITED STATES DISTRICT JUDGE